UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

TIMOTHY PETTIBONE, and
LOUISE PETTIBONE,

          Debtors.
_____/

Case No. 17-50971

Chapter 13

Judge Thomas J. Tucker

MICHIGAN UNEMPLOYMENT INSURANCE
AGENCY,

          Plaintiff,

v.

TIMOTHY PETTIBONE,

          Defendant.
_____/

Adv. Pro. No. 17-4770

**OPINION REGARDING DISMISSAL OF ADVERSARY PROCEEDING AS MOOT**

This adversary came before the Court on December 18, 2017, for an initial scheduling conference. During that conference, the Court suggested that this adversary proceeding is moot, and the parties agreed. For the following reasons, the Court will dismiss this adversary proceeding, as moot, and for lack of subject matter jurisdiction.

On November 13, 2017, Plaintiff Michigan Unemployment Insurance Agency (the "Agency") filed this adversary proceeding, seeking a determination "that the Debtor's debt to the Agency is nondischargeable under 11 U.S.C. § 523(a)(2) and *Cohen v. de la Cruz*, 523 U.S. 213, 220-221 (1998)."[1] Before the filing of this adversary proceeding, on October 11, 2017, the Court entered an order in the Defendant's Chapter 13 bankruptcy case (Case No. 17-50971)

---

[1] Compl. (Docket # 1) at 1-2.

determining that the Debtor will not be eligible for a discharge in the bankruptcy case (the "no-discharge order").[2]

The Court concludes that the no-discharge order renders moot the Agency's § 523(a)(2) nondischargeaability claim in this adversary proceeding. This is because the Agency has already received the dischargeability-related relief it was seeking in this adversary proceeding — namely, that any debt that Defendant owes to the Agency will not be discharged in Defendant's Chapter 13 bankruptcy case.

Thus, the Court cannot grant the Agency any meaningful relief in addition to what it already has received. Because the Agency's nondischargeability claim is moot, the Court lacks subject matter jurisdiction over it. *Cf. Rosenfeld v. Rosenfeld* (*In re Rosenfeld*), 535 B.R. 186, 193-196 (Bankr. E.D. Mich. 2015), *aff'd,* 558 B.R. 825 (E.D. Mich. 2016), *aff'd.* 698 Fed. App'x 300 (6th Cir. 2017) (dismissing, for lack of jurisdiction, a creditor's adversary proceeding seeking an order denying the debtor a discharge under several provisions of 11 U.S.C. § 727(a), where the debtor's debt to the creditor already was nondischargeable under 11 U.S.C. § 523(a).); *see also Mapley v. Mapley*, 437 B.R. 225 (Bankr. E.D. Mich. 2010).

Because the Agency's nondischargeability claim is moot, the Court is unable to grant the Agency the monetary relief that it seeks in this adversary proceeding, namely, a money judgment. In the absence of authority to grant a determination of nondischargeability (due to the mootness of that issue), this bankruptcy court no longer has authority or subject matter jurisdiction to enter a money judgment for the Agency. This Court's authority and subject matter jurisdiction to enter

---

[2] Docket # 30 in Case No. 17-50971 at ¶ 1. This is based on 11 U.S.C. § 1328(f), and is because the Defendant received a discharge in a case filed under Chapter 7 within 4 years before the date of the order for relief in the current bankruptcy case.

a money judgment in this adversary proceeding was wholly dependant on its statutory authority, under 28 U.S.C. § 157(b)(2)(I), to determine the dischargeability of Defendant's debt to the Agency. *See Longo v. McLaren* (*In re McLaren*), 3 F.3d 958, 965-66 (6th Cir. 1993) (quoting *Snyder v. Devitt* (*In re Devitt*), 126 B.R. 212, 215 (Bankr. D. Md. 1991) (the bankruptcy court's jurisdiction to determine the dischargeability of a debt provides the bankruptcy court with authority to render a money judgment, because the bankruptcy court's equitable jurisdiction "'attaches to the entire cause of action,'" including the plaintiff's request for a money judgment, and "'more importantly because it is impossible to separate the determination of the dischargeability function from the function of fixing the amount of the nondischargeable debt.'").

The Agency has filed a proof of claim in Defendant's pending Chapter 13 case. To date, no one has objected to that claim. But if the Defendant objects to the Agency's claim, that will be a contested matter, to be heard and decided in the main bankruptcy case, rather than an adversary proceeding.

For these reasons, the Court will enter an order dismissing this adversary proceeding as moot, and for lack of subject matter jurisdiction.

**Signed on December 18, 2017**



/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**